UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                      :

LISA MINOR, *individually and on behalf of all similarly* :
*situated former and current women employees of the New* :
*York City Department of Correction*,              :
                                        :
                      Plaintiffs,          :
                                          :
       -v-                             :
                                          :
CITY OF NEW YORK,                   :
                                          :
                     Defendant.         :
                                          :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/26/2026

26-cv-00843 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Lisa Minor ("Plaintiff") moves to remand the instant putative class action to the New York State Supreme Court for New York County. Dkt. No. 6. The motion is denied.

## BACKGROUND

Plaintiff commenced this case on November 25, 2025 by summons and complaint filed in the Supreme Court of New York, New York County. Dkt. No. 1 ¶ 2; Dkt. No. 6-3. On December 1, 2025, she filed an amended summons and complaint. *Id.*; Dkt. No. 1-1. She alleges claims of sexual discrimination against the New York City Department of Corrections ("DOC") on behalf of a putative class of current and former employees of DOC. Dkt. No. 1-1. She alleges that DOC created a hostile work environment on the basis of gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. *Id.* ¶¶ 259–79.

On January 30, 2026, Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b), asserting federal question jurisdiction under 28 U.S. § 1331. Dkt. No. 1. Plaintiff moved to remand on February 28, 2026, Dkt. No. 6, and Defendant filed a

memorandum of law in opposition to remand on March 16, 2026, Dkt. No. 10.  Plaintiff filed a

letter in reply in further support of her motion on March 20, 2026.  Dkt. No. 14.

## DISCUSSION

"[A]ny civil action brought in a [s]tate court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant . . . to the district court of the

United States for the district . . . embracing the place where such action is pending."  28 U.S.C.

§ 1441(a).  Federal district courts have original jurisdiction over, *inter alia*, "all civil actions

arising under the . . . laws . . . of the United States," commonly referred to as the district courts'

"federal question jurisdiction."  28 U.S.C. § 1331.  Title VII is one such federal law under which

a removable state civil action may arise.  "The presence or absence of federal question

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint."  *Shapnik v. Hebrew Home for the Aged at Riverdale*, 535 F. Supp. 3d 301,

310 (S.D.N.Y. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "[A]

federal court has a 'virtually unflagging obligation' . . . to assert jurisdiction where it has that

authority."  *Mata v. Lynch*, 576 U.S. 143, 144 (2015) (quoting *Colo. River Water Conservation

Dist. v. United States*, 424 U.S. 800, 817 (1976)).

"Plaintiff's [underlying] state-court complaint allege[s] [a] clai[m] under the Civil Rights

Act of 1964 . . . which would have allowed the federal courts to take original jurisdiction under

the federal-question jurisdiction statute" if the complaint were initially filed in federal court.

*Kane v. St. Raymond's Roman Cath. Church*, 2015 WL 4270757, at *3 (S.D.N.Y. Jul. 13, 2015)

(Nathan, J.).  In fact, the only claim in Plaintiff's complaint is under Title VII, and therefore

Plaintiff presents solely a federal question.[1]  Dkt. No. 1-1.  Because this Court could have exercised original jurisdiction over the state-court complaint (had it "originally . . . been filed in [this] court"), it may now exercise jurisdiction over it on removal.  *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998).  *See, e.g., Richards v. Dep't of Educ. of City of New York*, 2022 WL 329226, at *5 (S.D.N.Y. Feb. 2, 2022).

Plaintiff argues that remand is warranted because "New York's County and Supreme Courts have concurrent jurisdiction to resolve state law claims that are inextricably connected to federal laws."  Dkt. No. 6-1 at 6.  However, "[t]he ability of [a] state cour[t] to hear Title VII claims is irrelevant to the propriety of the removal and provides no basis for a remand."  *Siegel v. Pro-Ex Securities*, 2002 WL 1203851, at *2 (S.D.N.Y. June 3, 2002).  A federal district court may only order remand "if removal was improper or defective, the court lacks subject-matter jurisdiction, or, in extraordinary cases, where federal abstention is required."  *Id.* (internal citations omitted).  "It is true that New York courts have concurrent subject-matter jurisdiction over Plaintiff's [Title VII] causes of action . . . [b]ut that this case *could* have remained in state court does not mean that it *must* be sent back there."  *Anonymous v. N.Y.C. Dep't of Educ.*, 2024 WL 3460049, at *4 (S.D.N.Y. July 18, 2024) (emphases in original).

Plaintiff claims that her case is one of "federal issues inextricably connected with state law claims, concerning exclusively state defendants," Dkt. No. 6-1 at 5, that removal "is only warranted where it is the case that the area of law is of a uniquely federal interest," *id.* at 6, and

---

[1] Plaintiff's complaint states that the action is also brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Article I, § 11 of the New York State Constitution.  Dkt. No. 1-1 ¶ 2–5.  The complaint's only cause of action is a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.  *Id.* ¶¶ 259–279.  Even if Plaintiff had brought a claim under the additional federal statutes and New York State Constitution, that would not change the outcome here.

that the New York state courts have a particular "interest [in] deciding [Plaintiff's] claims," *id.* Generously read, Plaintiff here makes an argument resembling one for *Burford* abstention, following the principles outlined by the Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Supreme Court, in that case and subsequent cases, held that a federal court ought to abstain from assuming jurisdiction over a case if it presents "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726–27 (1996) (quotations and citations omitted). Neither ground for abstention is present here. This case does not present any "difficult questions of state law," only relatively commonplace questions of federal law. *Id.* Plaintiff's only argument that New York State has a particular interest in the matter at hand is the existence of two cases in state court concerning similar allegations. Dkt. No. 6-1 at 3–4. That a group of plaintiffs filed similar claims under state and federal law in state court does not counsel towards abstention, even if, as Plaintiff asserts, that state court interpreted a federal statute. Dkt. No. 6-1 at 6. *See also Carvajal v. Artus*, 633 F.3d 95, (2d Cir. 2011) (federal courts "do not defer to [state courts'] interpretation of *federal* law" (citation omitted) (emphasis in original)). Such an interest is far from the "state efforts" establishing a "coherent policy" in a "matter of substantial public concern" that *Burford* looks for. *Quackenbush*, 517 U.S. at 727.

It would neither be proper for the Court to consider concerns of judicial efficiency or wasted resources on a motion to remand. *See LeChase Construction Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 172 (2d Cir. 2023) ("district court exceeded its statutory authority" to order remand under 28 U.S.C. § 1447(e) where it "remand[ed] in the interest of avoiding

4

inconsistent outcomes and wasted judicial resources—a patently nonjurisdictional ground that appears nowhere in the text of section 1447(e)" (internal citations omitted)).  "If Plaintiff is worried about duplicative discovery, the answer is that counsel in the two cases can coordinate 'to organize discovery across the two cases to achieve maximum efficiency.'"  *Sanches v. Austin*, 2023 WL 6387022, at *2 (S.D.N.Y. Sept. 29, 2023) (quoting *Kurtz v. Uber Techs., Inc.*, 2021 WL 4777973, at *5 (S.D.N.Y. Oct. 13, 2021)).

Finally, Plaintiff alleges that Defendant only removed the instant action to this Court to "avoid adjudication of its intentional failure to provide necessary workplace protection against sexual abuse for its woman employees."  Dkt. No. 6-1 at 4.  Even if that were the case, that is "beside the point as the right to remove is statutory, jurisdictional and absolute, regardless of motivation, when it is found to exist."  *White v. Wellington*, 627 F.2d 582, 586 (2d Cir. 1980).

## CONCLUSION

For the foregoing reasons, the motion to remand is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 6.


SO ORDERED.

Dated: March 26, 2026
      New York, New York
                                 LEWIS J. LIMAN
                           United States District Judge